[Civ. No. 4606. First Appellate District, Division Two.—October 10, 1923.]

## MARTHA R. HAMBLIN, Respondent, v. JOHN SCHULTIS, Appellant.

[1] NEGLIGENCE—LAST CLEAR CHANCE—EFFECT OF PLAINTIFF'S NEGLIGENCE UPON.—The doctrine of last clear chance is not excluded by evidence of negligence upon the part of the person injured; on the contrary, it is precisely in cases where the plaintiff has been negligent and has placed himself in a position of imminent danger that the humane doctrine of last clear chance announces a rule of conduct.

[2] ID.—PEDESTRIAN STRUCK BY AUTOMOBILE—DAMAGES—DOCTRINE OF LAST CLEAR CHANCE—EVIDENCE.—In an action for damages for personal injuries sustained by plaintiff when defendant's automobile struck her just as she reached the sidewalk curbing after defendant had seen her and her companion start across the street in front of his car, conceding that such action on the part of plaintiff was ill-advised, it was the defendant's duty under the last clear chance doctrine to have stopped his car and not to have taken a chance upon human life in attempting to dodge around persons in imminent danger.

APPEAL from a judgment of the Superior Court of Alameda County. A. F. St. Sure, Judge. Affirmed.

The facts are stated in the opinion of the court.

1. Origin, function and mode of operation of doctrine of last clear chance, notes, 55 L. R. A. 418; 36 L. R. A. (N. S.) 957.

Doctrine of last clear chance as affected by question whether negligence of plaintiff or deceased and of defendant was concurrent, notes, Ann. Cas. 1912B, 888; 17 L. R. A. (N. S.) 707; 19 L. R. A. (N. S.) 446; 27 L. R. A. (N. S.) 379.

Wm. M. Abbott, K. W. Cannon and J. E. Reardon for Appellant.

Wm. R. Geary for Respondent.

LANGDON, P. J.—This is an appeal by the defendant from a judgment against him for fifteen hundred dollars. The action was one to recover damages for personal injury alleged to have been caused by the negligent operation by defendant of his automobile in the city of Oakland, California. The only point urged upon the appeal is that the trial court erred in instructing the jury upon the doctrine of last clear chance. No contention is made that the instruction given on this subject was not a correct statement of law, but the appellant urges that the record does not disclose a state of facts to which this doctrine applies.

In supporting his position appellant argues that the evidence shows the plaintiff to have been guilty of contributory negligence and sets out portions of the testimony to sustain this contention. We may concede this without aiding him in the least in his attack upon the instruction of which complaint is made. [1] The doctrine of last clear chance is not excluded by evidence of negligence upon the part of the persons injured; on the contrary, it is precisely in cases where the plaintiff has been negligent and has placed himself in a position of imminent danger that the humane doctrine of last clear chance announces a rule of conduct.

The only other reason advanced by appellant as to why the instruction upon the doctrine of last clear chance was improper is that the record contains "no evidence showing or tending to show that defendant had knowledge of any dangerous situation of plaintiff in time to have avoided the accident." The accident occurred upon a public street in the city of Oakland, in broad daylight. Briefly, the plaintiff was crossing the street and was about fifteen feet from the curb, according to the witness McCarthy, when an outcry was heard by McCarthy, who was standing near the car track in the center of the street. McCarthy thought this outcry was made by the defendant, and at the time McCarthy heard it, plaintiff and her companion were in the path of the defendant's automobile if it had continued

on its way without swerving. They hastened to reach the curb. The automobile, instead of either continuing in its path or stopping, swerved toward the curb and struck plaintiff and her companion when they had reached the curb and when plaintiff had one foot on the sidewalk. The witness McCarthy testified: "They were in the path of the auto at the time I heard the alarm. They made an effort to get out of the path. He [defendant] made an effort to get around them and go in the same direction with them, keeping them in his path all the time. He curved to the right as they approached the curb." Certainly, from the testimony, a jury was justified in concluding that the defendant saw the plaintiff in any event at a time when she was fifteen feet from the curb and continued to drive his car, according to the witness McCarthy, at about thirty-five or forty miles an hour, attempting to "dodge" the plaintiff.

From this situation a jury might well have concluded that it was the duty of the defendant to have put on his brakes and stopped his car in the path in which he was driving when the outcry was given and when the women started to hurry toward the curb in response to this warning, rather than to take a chance of swerving and trying to avoid them in that way. There are other facts appearing in the record from which a jury might have concluded that the defendant saw the plaintiff in time to have stopped his car had he chosen to do so. Indeed, he must have seen them if he was looking ahead, as he states he was doing, as they were directly in his path and he admits that he saw them leave the crowd near the street-car track and start toward the curb. The conflict arises upon the question of how far they were from his car at the moment they left the crowd of people and started toward the curb. [2] However, the defendant made no attempt to stop his car, according to his own testimony, and when he saw the plaintiff and her companion start across the street in front of his car, conceding that such action on the part of the plaintiff was ill-advised, we think it was his duty under the last clear chance doctrine to have stopped his car and not to have taken a chance upon human life in attempting to dodge around persons in imminent danger.

The designation of the above evidence disposes of the only contention upon this appeal.

The judgment is affirmed.

Sturtevant, J., and Nourse, J., concurred.